IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

RICKIE LYNN TIGUE, JR.,                                                                   PLAINTIFF
ADC # 171131

v.                          2:23CV00107-KGB-JTK

BELCHER, et al.                                                              DEFENDANTS

**REVISED SCREENING ORDER**

On April 26, 2023, the Court entered an Order granting Plaintiff's Motion to Proceed In Forma Pauperis and screening Plaintiff's claims. (Doc. No. 6). The Court had noted in its screening Order that it was unclear if Plaintiff intended to sue Defendants Johnson and Robinson because Plaintiff did not name them as Defendants. (Id. at 4).

Hours after the Court entered the screening Order, the Clerk of the Court discovered that on the back side of a page of Plaintiff's Complaint, Plaintiff named Sergeant Johnson and Corporal Robinson as Defendants. Sergeant Johnson and Corporal Robinson were then promptly added as Defendants to this action, which is reflected on the docket sheet. Because the addition of Defendants Johnson and Robinson changes the Court's screening of Plaintiff's allegations against them, the Court now revises its earlier screening Order as to those allegations.

**I.    Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**II.    Facts and Analysis**

Plaintiff sued EARU Registered Nurses Belcher and Sorrano, along with Gary Kerstein, Lieutenant Kelley, Sergeants Gram and Johnson, and Corporal Robinson in their personal capacities only. (Doc. No. 1 at 1-2).

**A.    Personal Capacity Claims**

Plaintiff's claims fall under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. This prohibition gives rise to the government's duty to provide medical care to prisoners. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration." Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). "A serious medical need is one diagnosed by a physician or one "so obvious that even a layperson would recognize [it].'" Leonard v. St. Charles County Police Department, 59 F.4th 355, 360 914 (8th Cir. 2023) (internal citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

1. **Defendants Belcher, Kerstein, and Sorrano**

Plaintiff named Belcher, Kerstein, and Sorrano as Defendants, but made no allegations against them. Because liability under § 1983 is based on an individual's actions, bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678. As such, Plaintiff failed to state a claim on which relief could be granted against Defendants Belcher, Kerstein, and Sorrano.

### 2. Defendants Johnson and Robinson

Plaintiff alleges that he notified Defendants Johnson and Robinson that he "was having trouble breathing, and experiencing a mental health disorder." (Doc. No. 2 at 4). Plaintiff maintains Defendants Johnson and Robinson failed to properly inform medical personnel of the medical emergency after telling them about it. (Id.).

Again, "[a] medical need is objectively serious if it has been 'diagnosed by a physician as requiring treatment' or if it is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Barton v. Taber, 908 F.3d 1119, 1124 (8th Cir. 2018) (internal citations omitted). Here, it is not clear what type of mental health disorder Plaintiff was experiencing. Plaintiff does not explain symptoms of the disorder. Further, Plaintiff does not provide any further detail about his trouble breathing. Plaintiff says he relayed information to Defendants Johnson and Robinson that he was having trouble breathing, but Plaintiff does not describe what was happening to him at the time he told Defendants Johnson and Robinson about this problem. Was it obvious that Plaintiff was suffering from trouble breathing at the time he talked to Defendants Johnson and Robinson? Did Defendant Johnson or Defendant Robinson have any knowledge of Plaintiff having breathing or mental health problems in the past? The Court would benefit from additional details about the symptoms Plaintiff was experiencing when he told Defendants Johnson and Robinson of his problems, and what details he provided Defendants Johnson and Robinson when he spoke to them.

### 3. Defendants Gram and Kelley

Plaintiff alleges that Defendant Gram was conducting chow call on the evening of February 8, 2023, along with Defendants Johnson and Robinson. (Doc. No. 2 at 5). Plaintiff began "chuncking water" when Defendants Johnson and Robinson failed to properly inform medical

4

personnel of Plaintiff's issues. After Plaintiff began "chunking water to gain [the] attention [of] any staff personnel, Defendant Gram "called for all available." (Id.). Plaintiff makes no further allegations against Defendant Gram. As currently pled, Plaintiff's allegations against Defendant Gram do not rise to the level of a constitutional violation.

According to Plaintiff, Defendant Kelley responded to the "all call." (Id.). Plaintiff told Defendant Kelley that Plaintiff needed immediate medical attention. (Id.). Defendant Kelley instructed Plaintiff to submit to restraints, but Plaintiff refused. (Id.). Defendant Kelley then left. (Id.). Again, Plaintiff has not alleged facts against Defendant Kelley that rise to the level of a constitutional violation. For example, Plaintiff did not indicate that he explained to Defendant Kelley what Plaintiff's serious medical need was. Further, where did Defendant Kelley want to take Plaintiff? If Plaintiff declined to be escorted to the infirmary, for example, Plaintiff's claim may fail because he turned down the help offered to him.

### 4. No Harm Alleged, No Relief Sought

In his Complaint, Plaintiff did not explain how he was harmed by any allegedly unlawful conduct and Plaintiff did not explain the relief he seeks.

Rule 8(a) of the Federal Rules of Civil Procedure reads:

A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Further, 42 U.S.C. § 1983 provides a cause of action for a "party injured" by certain unlawful acts of a person acting under the color of state law. 42 U.S.C. § 1983. And to establish

5

standing, "plaintiff must allege personal injury fairly traceable to the defendant's alleged unlawful conduct." Allen v. Wright, 468 U.S. 737, 751 (1984).

As mentioned above, Plaintiff alleges no harm. And while Plaintiff asks the Court "to find legal grounds to act on this case" (Doc. No. 2 at 6), that is not the type of relief contemplated by Rule 8(a). Rule 8(a) contemplates relief such as damages or injunctive relief, for example.

### B. Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[1] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name as a Defendant each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if she makes one; 5) explain how each Defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

If Plaintiff does not submit an Amended Complaint, I will recommend that his original Complaint be dismissed without prejudice.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a),(b); Loc. R. 5.5(c)(2).

**III.   Conclusion**

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.   If Plaintiff does not submit an Amended Complaint, I will recommend that his original Complaint be dismissed without prejudice.  See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

3. The Clerk of the Court is further directed to send Plaintiff a copy of the docket sheet in this case along with a copy of this Order.

IT IS SO ORDERED this 28th day of April, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE