IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**RICKIE LYNN TIGUE JR.**                                                                  **PLAINTIFF**
**ADC# 171131**

v.                                 Case No. 2:23-cv-00107-KGB

**BELCHER,** *et al.*                                                        **DEFENDANTS**

**ORDER**

Before the Court are three partial recommended dispositions submitted by United States Magistrate Jerome T. Kearney (Dkt. Nos. 80; 101; 112). The first partial recommended disposition ("First Recommendation") recommends that *pro se* plaintiff Rickie Lynn Tigue, Jr.'s claims against defendants R.N. Belcher, Lieutenant Kelley, Sergeant Gram, R.N. Sorrano, Corporal Robinson, Sergeant Johnson, Warden Moses Jackson, Corporal Hunt, Corporal Hawkins, Lieutenant Leavy Watson, Haywood, R.N. Fritts, Warden Johnson, and Corporal McCoy be dismissed without prejudice, and that those defendants be terminated as parties to this action (Dkt. No. 80). The second partial recommended disposition ("Second Recommendation") recommends that Mr. Tigue's pending motions for relief be denied (Dkt. No. 101). The third partial recommended disposition ("Third Recommendation") recommends that Mr. Tigue's pending motion for evidentiary hearing and injunctive relief be denied (Dkt. No. 112). For the following reasons, the Court adopts all three recommendations (Dkt. Nos. 80; 101; 112), denies the pending motions for relief (Dkt. Nos. 83–84; 92), and denies the pending motion requesting evidentiary hearing and injunctive relief (Dkt. No. 111).

      **I.**     **First Recommendation**

Judge Kearney's First Recommendation recommends that Mr. Tigue's claims against defendants R.N. Belcher, Lieutenant Kelley, Sergeant Gram, R.N. Sorrano, Corporal Robinson,

Sergeant Johnson, Warden Moses Jackson, Corporal Hunt, Corporal Hawkins, Lieutenant Leavy Watson, Haywood, R.N. Fritts, Warden Johnson, and Corporal McCoy be dismissed without prejudice, and that those defendants be terminated as parties to this action (Dkt. No. 80). Mr. Tigue filed objections to the First Recommendation (Dkt. No. 116).

The First Recommendation notes that Mr. Tigue's third amended complaint purports on its face to bring claims against the named defendants in this case only in their official capacity (Dkt. No. 80, at 7). This is in fact the case (Dkt. No. 74, at 5). As such, Judge Kearney points out that Mr. Tigue's official capacity damages claims are barred by Eleventh Amendment immunity and state sovereign immunity (Dkt. No. 80, at 7). Judge Kearney further notes that, although official capacity damages claims are immunity-barred, a 42 U.S.C. § 1983 plaintiff may nevertheless seek prospective injunctive relief against defendants in their official capacity for ongoing violations of federal law (*Id.*, at 7–8). Given that the third amended complaint alleges continuing violations of federal law only as to separate defendants Gary Kerstein and Tracy Bennett, Judge Kearney recommends that Mr. Tigue's claims against the other named defendants be dismissed without prejudice (*Id.*, at 8).

In his objections, Mr. Tigue does not appear to dispute that his official capacity damages claims are immunity-barred or that prospective injunctive relief is appropriate only as to defendants Mr. Kerstein and Ms. Bennett. Instead, Mr. Tigue represents that he now wishes to pursue claims against all named defendants in their individual capacities as well (Dkt. No. 116, at 2). However, in Judge Kearney's March 26, 2024, Order directing Mr. Tigue to file his third amended complaint, Judge Kearney specifically required Mr. Tigue to indicate whether he intended to sue each defendant in their individual or official capacity and informed Mr. Tigue that his third amended complaint would render his earlier pleadings without legal effect (Dkt. No. 62,

at 8). Mr. Tigue accordingly filed his third amended complaint, which specifically indicates that he is suing the named defendants only in their official capacity (Dkt. No. 74, at 5).

As such, for purposes of Mr. Tigue's operative complaint, there are no individual capacity claims. Mr. Tigue cannot modify that choice now in his objections to the First Recommendation. At this juncture, if Mr. Tigue wishes to pursue individual capacity claims against the defendants named in the third amended complaint, he must file a written motion seeking leave of the Court to amend his operative complaint to add those claims. As it currently stands, Mr. Tigue alleges no claims against defendants R.N. Belcher, Lieutenant Kelley, Sergeant Gram, R.N. Sorrano, Corporal Robinson, Sergeant Johnson, Warden Moses Jackson, Corporal Hunt, Corporal Hawkins, Lieutenant Leavy Watson, Haywood, R.N. Fritts, Warden Johnson, and Corporal McCoy upon which relief can be granted.

For these reasons, and upon *de novo* review of the record, the Court approves and adopts the First Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 80). The Court dismisses without prejudice Mr. Tigue's claims against defendants R.N. Belcher, Lieutenant Kelley, Sergeant Gram, R.N. Sorrano, Corporal Robinson, Sergeant Johnson, Warden Moses Jackson, Corporal Hunt, Corporal Hawkins, Lieutenant Leavy Watson, Haywood, R.N. Fritts, Warden Johnson, and Corporal McCoy, and terminates them as parties to this case.

## II.     Second Recommendation

Judge Kearney's Second Recommendation recommends that Mr. Tigue's pending motions for relief be denied (Dkt. No. 101). Mr. Tigue has not objected to the Second Recommendation, and the time to do so has passed. Accordingly, after careful consideration, the Court approves and adopts the Second Recommendation in its entirety as this Court's findings in all respects (*Id.*). The pending motions for relief are denied (Dkt. Nos. 83–84; 92).

### III. Third Recommendation

Judge Kearney's Third Recommendation recommends that Mr. Tigue's pending motion for evidentiary hearing and injunctive relief be denied (Dkt. No. 112). Mr. Tigue filed objections to the Third Recommendation (Dkt. No. 121).

In his objections, Mr. Tigue attempts to set out arguments as to why the *Dataphase* factors weigh in favor of granting his motion for injunctive relief (*Id.*). However, the only pieces of evidence that Mr. Tigue presents in favor of his motion are two inmate request forms. One is an Arkansas Division of Correction ("ADC") Health Service Request Form on which Mr. Tigue complains of persistent chest pain and blood pressure problems (*Id.*, at 5). The other is an Inmate Request Form for a pill card and "identification paper work" (*Id.*, at 6). Mr. Tigue has thus fallen far short of carrying his burden to establish that he is entitled to the "extraordinary remedy" of a preliminary injunction. *Turtle Island Foods, SPC v. Thompson*, 992 F.3d 694, 699 (8th Cir. 2021) (quoting *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)). Mr. Tigue likewise provides no argument as to why an evidentiary hearing would be necessary or what evidence is at issue such as might justify a hearing.

For these reasons, and upon *de novo* review of the record, the Court approves and adopts the Third Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 112). The motion for evidentiary hearing and preliminary injunction is denied (Dkt. No. 111).

### IV. Conclusion

For the foregoing reasons, the Court:

(1) adopts the First Recommendation and dismisses without prejudice Mr. Tigue's claims against defendants R.N. Belcher, Lieutenant Kelley, Sergeant Gram, R.N. Sorrano, Corporal Robinson, Sergeant Johnson, Warden Moses Jackson, Corporal Hunt, Corporal Hawkins,

Lieutenant Leavy Watson, Haywood, R.N. Fritts, Warden Johnson, and Corporal McCoy, and terminates them as parties to this case (Dkt. No. 80);

(2) adopts the Second Recommendation (Dkt. No. 101) and denies Mr. Tigue's pending motions for relief (Dkt. Nos. 83–84; 92); and

(3) adopts the Third Recommendation (Dkt. No. 112) and denies Mr. Tigue's pending motions for evidentiary hearing and injunctive relief (Dkt. No. 111)

It is so ordered this 3rd day of June, 2025.

Kristine G. Baker
Chief United States District Judge